UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABRAHAM KASPARIAN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, DUFFY HEALTH CENTER, INC., DUNCAN MACALLISTER, WESLEY KLEIN, and MICHAEL FUSCO,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 16-cv-11551-ADB<br>*<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS**

BURROUGHS, D.J.

      Plaintiff Abraham Kasparian, Jr. filed suit in Barnstable County Superior Court, Massachusetts, against Defendants Duffy Health Center and three of its federal employees, Wesley Klein, D.O., Michael Fusco, R.N., and Duncan Macallister, following an alleged refusal to provide him with medical treatment at the Duffy Health Center on February 26, 2016. Kasparian's complaint alleges breach of contract (Count I), intentional infliction of emotional distress ("IIED") (Count II), and "violation of right to medical treatment and care" causing extreme pain (Count III). [ECF No. 1-3]. On July 27, 2016, the federal employees removed the case to this court because they are covered by the Federal Tort Claims Act by virtue of their employment with Duffy Health Center.[1] [ECF No. 1]. On August 8, 2016, Defendants moved to substitute the United States as the proper party as to Counts II and III [ECF No. 5], which was allowed by this Court on August 31, 2016 [ECF No. 8]. Although the federal employees were

---

[1] Duffy Health Center is a program grantee under 42 U.S.C. § 254B and a "Public Health Service" under the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233 (G)–(N). [ECF No. 1 ¶ 7].

ultimately dismissed from Counts II and III in favor of the United States, they remain defendants against Count I. On September 2, 2016, the federal employees and the United States moved to dismiss the complaint in its entirety. [ECF No. 10]. For the reasons discussed below, the Court grants the motion and dismisses the complaint.

I. BACKGROUND

In the original complaint filed in state court [ECF No. 1-3 at 10–16], Kasparian sets forth the following factual allegations. On or about January 18, 2016, Kasparian was a patient of Duffy Health Center. Id. ¶ 6. He made an appointment on February 26, 2016 for a complete behavioral review, which was required by the terms of his probation, and to review a number of medical issues given his age and chronic health issues. Id. ¶¶ 7–9. On February 25, 2016, Kasparian received a phone call from a staff member at the Duffy Health Center informing him that his appointment was cancelled and that if he came to the Duffy Health Center he would be trespassing. Id. ¶ 10.

Kasparian then alleges that the Chief Probation Officer, Brian Webber, informed him that the appointment had not been cancelled after Webber called Duffy Health Center. Id. ¶ 11–12. On February 26, 2016, Kasparian arrived at the Duffy Health Center for the appointment he believed was scheduled, and was met by Defendants Klein and Fusco, who reiterated that his medical appointment had been cancelled and that if he did not leave he would be arrested as a trespasser. Id. ¶¶ 13–14. Klein and Fusco then presented Kasparian with a document entitled "Trespass Statute Notice," and informed him that the Barnstable Police had been called. Id. ¶ 14. Kasparian, confused, told them about Webber's phone call confirming his appointment, but Defendants Klein and Fusco said that this phone call had not been made. Id. ¶ 15. Kasparian then phoned Webber, who informed him that he should leave. Id. ¶ 18.

Before leaving, Kasparian asked Klein for assistance with refilling his medication for his mental health needs, and Klein said he could not do so. Id. ¶ 19. Kasparian alleges that he "suffered humiliation and great emotional distress from the wrongful actions of the Defendants." Id. ¶ 21. After leaving the Duffy Health Center, Kasparian tried to refill his mental health medication at Cape Cod Hospital's Emergency Center, where he told nurse Ellen Carty that the Duffy Health Center would not help him with his supply. Id. ¶ 22. Carty then phoned the Duffy Health Center. Id. ¶ 23. Kasparian alleges that, based on what he could overhear during that call, Klein tried to get Carty to turn Kasparian away as well. Id. Kasparian heard Carty and Klein discussing "sexual assault." Id. ¶ 24. Kasparian told Carty that he had been released from prison on January 6, 2016, but that he had never been involved in such an incident. Id. Kasparian did admit to Carty that he had assaulted his former wife in 2002. Id. Again, Kasparian alleges that he suffered humiliation and emotional distress when giving this explanation to Carty. Id. Upon discharging him from the hospital, Carty reiterated in her instructions that Kasparian was not welcome at the Duffy Health Center, that he would need to find a primary care provider, and that he should not wait until the supply of his medications was low. Id. ¶ 27. Kasparian claims that these papers are now a part of his medical records, which he alleges interferes with his right to have medical treatment, causes him to suffer humiliation and emotional distress, and caused him to suffer physical pain because he was not able to obtain a diagnosis at the Duffy Health Center for an ailment eventually diagnosed as "acute colitis-presumed infectious." Id. ¶¶ 27–29.

On March 15, 2016, Kasparian met with his probation officer, who informed him that an employee at Duffy was afraid of him. Id. ¶ 30. Kasparian claims that this caused him more distress. Id.

The United States, having been substituted as the proper party for Counts II and III, and the other defendants as federal employees of Duffy Health Center, now move to dismiss the complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [ECF No. 11]. In his opposition to the motion [ECF No. 15], Kasparian argues that Defendants' actions violated Massachusetts state law, and he requests that his complaint be transferred back to Barnstable County Superior Court. He also requests that this Court order sanctions and enter a default judgment due to the defendants' failure to appear at depositions that he scheduled.

**II.     LEGAL STANDARD**

In evaluating a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. U.S. ex rel. Hutcheson v. Blackstone Med. Inc., 647 F.3d 377, 383 (1st Cir. 2011). To avoid dismissal, a complaint must set forth "more than labels and conclusions," Bell Atl. Co. v. Twombly, 550 U.S. 544, 555 (2007), and must include "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted). The facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570). The plausibility standard invites a two-step analysis. Id. "At the first step, the court 'must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). "At the second step, the court must determine whether the remaining

factual content allows a reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotations and citation omitted). "[T]he combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010).

When evaluating a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "[t]he existence of subject-matter jurisdiction 'is never presumed'" because federal courts are courts of limited jurisdiction. Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Viqueria v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)). The Court may look beyond the pleadings in order to determine if it has jurisdiction over the matter. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). In making this determination, the Court may "consider whatever evidence has been submitted, such as the depositions and exhibits submitted." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

The Court will construe Kasparian's allegations liberally because he is proceeding *pro se* and did not initially intend to file his claims in federal court. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). A *pro se* litigant, however, must still comply with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Dismissal of a *pro se* complaint is appropriate when the complaint fails to state an actionable claim. Muller v. Bedford VA Admin. Hosp., No. 11-cv-10510, 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013) (citing Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

### III.   DISCUSSION

#### a.   Claims Against the United States (Counts II and III)

The Federal Tort Claims Act ("FTCA") allows lawsuits against the United States for personal injuries caused by a government employee's negligence under circumstances in which a private individual would be liable under the law of the state in which the negligent act or

5

omission occurred.[2] 28 U.S.C. §§ 1346(b)(1), 2674. The FTCA is the exclusive remedy for any action against an employee of the Public Health Service who acts within the scope of his or her office or employment. 42 U.S.C. § 233(a); see also Camerano v. United States, 196 F. Supp. 3d 172, 180 (D. Mass. 2016). Before a plaintiff can bring suit under the FTCA, however, he must first exhaust all available administrative remedies. 28 U.S.C. § 2675(a). The statute provides, in relevant part:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Id. Accordingly, federal courts have jurisdiction to hear a plaintiff's tort claim under the FTCA *only after* the plaintiff has exhausted the claim by submitting it to the appropriate federal agency first. Id.; McNeil v. United States, 508 U.S. 106, 113 (1993). To meet the threshold requirement of administrative exhaustion, the plaintiff must either have his administrative claim finally denied by the relevant federal agency, or, if the agency fails to act on plaintiff's administrative claims within six months of presentment, the plaintiff may thereafter deem the claim constructively denied. 28 U.S.C. § 2675(a); see also Barnes v. United States, 776 F.3d 1134, 1139 (10th Cir. 2015), cert. denied, 136 S. Ct. 1155 (2016). "[C]ompliance with this statutory requirement is a jurisdictional prerequisite to suit that cannot be waived" and "it is well-settled than an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim." Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); see also Acosta v. U.S. Marshals Service, 445 F.3d 509, 513 (1st Cir. 2006) ("The [FTCA] also contains an exhaustion

---

[2] The FTCA applies to the Duffy Health Center and its employees because Duffy is federally qualified health center and FTCA-deemed facility for malpractice coverage pursuant to 42 U.S.C. §§ 233(G)–(N). [ECF Nos. 1 ¶¶ 7–9, 11-1 ¶ 5].

6

requirement, which has been viewed as 'a non-waivable jurisdictional requirement' limiting the suit to claims fairly made to the agency." (quoting Santiago–Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 18–20 (1st Cir. 1993)). Finally, a district court may properly "dismiss a pro se complaint for failure to allege compliance with the FTCA's administrative exhaustion requirement if it clearly appears that the deficiency cannot be overcome by amendment [to the complaint]." Tritz v. U.S. Postal Serv., 721 F.3d 1133, 1140 (9th Cir. 2013); see also Hall v. Zerba, No. 07CV332-SM, 2008 WL 3992164, at *1 (D.N.H. Aug. 27, 2008) (granting motion to dismiss because, where the statute explicitly required exhaustion, "it is undisputed that the administrative remedies available to plaintiff were not exhausted before he filed suit").

Here, it is clear that Kasparian did not file an administrative claim with the appropriate federal agency for the alleged torts committed by the Duffy Health Center and its employees. [ECF No. 11–1]. Kasparian has not alleged that he met this prerequisite in the complaint or in any subsequent filings. Defendant submitted an affidavit from a Senior Attorney in the General Law Division, Office of the General Counsel, at the Department of Health and Human Services, who conducted a search of the claims database and found no record of an administrative tort claim filed by Kasparian, or an authorized representative, relating to the Duffy Health Center or the individual defendants. [ECF No. 11-1]. Because it is undisputed that Kasparian failed to comply with the statutory requirements regarding the administrative procedure for actions in tort against the United States, his complaint must be dismissed. See, e.g., Hall, 2008 WL 3992164, at *1 (concluding that the complaint must be dismissed where it was undisputed that plaintiff did not exhaust administrative remedies, and statute required exhaustion); Gleichman v. U.S. Dep't of Agric., 896 F. Supp. 42, 43 (D. Me. 1995) (granting motion to dismiss on all but a constitutional claim where it was undisputed that the plaintiffs failed to exhaust available

7

administrative remedies); Swift v. United States, No. 13-11676-JGD, 2014 WL 2769141, at *2 (D. Mass. June 17, 2014) (dismissing claims because "[u]nder the FTCA, a plaintiff may not maintain a tort action unless the plaintiff first files an administrative claim within two years after the claim accrued"). Accordingly, because the deficiency with respect to administrative exhaustion cannot be overcome with an amendment to the complaint, see Tritz, 721 F.3d at 1140, Counts II and III are appropriately dismissed at this stage.

> b. **Claim Against Duffy Health Center, Duncan Macallister, Wesley Klein, and Michael Fusco for Breach of Contract (Count I)**

Count I of the complaint alleging breach of contract is insufficiently pleaded under the basic pleading requirements of Federal Rule of Civil Procedure 12(b)(6). To support his breach of contract claim, Kasparian merely points to his patient identification card as evidence of an alleged contract [ECF No. 15], which is insufficient as a matter of law. To sustain a claim for breach of contract under Massachusetts law, the plaintiff must plead: "(1) that the parties had an agreement [offer and acceptance] supported by valid consideration; (2) that plaintiff[ ] [was] ready, willing, and able to perform; (3) that defendant's breach has prevented [plaintiff] from performing; and (4) that plaintiff[ ] [was] damaged." Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996) (citing Singarella v. City of Boston, 173 N.E.2d 290, 291 (1961)). Here, Kasparian failed to make any factual allegations suggesting that there was an offer or acceptance constituting an agreement that was supported by valid consideration. Further, he has presented no allegations that would suggest what the terms of the contract, express or implied, would have been, nor has he alleged facts indicating the alleged contract's duration. Id. at 195 (explaining that the complaint was insufficiently pleaded because plaintiffs did not state when the contract was formed, its duration, or what its terms were). Accordingly, the defendants' motion to dismiss for failure to state a claim with respect to Count I is granted.

### c. Plaintiff's Motion to Remand to State Court

Next, Kasparian's request that the case be remanded to Barnstable County Superior Court [ECF No. 15] is also denied. A motion for remand for defects other than lack of subject matter jurisdiction must be filed within 30 days of removal to federal court. 28 U.S.C. § 1447(c). "This thirty-day deadline is mandatory, and failure to remand for any non-jurisdictional defect waives a plaintiff's right to object to removal." St. John v. CBE Grp., Inc., No. 10-cv-40091, 2011 WL 613741, *3 (D. Mass. Feb. 11, 2011); see also Samaan v. St. Joseph Hosp., 670 F.3d 21, 27 (1st Cir. 2012) (unless motion to remand is made within 30 days, plaintiff waives all objections to removal except on the basis of lack of subject-matter jurisdiction). Here, the case was removed on July 27, 2016. [ECF No. 1]. The request for remand was made on November 23, 2016 [ECF. No. 15], which was well outside of the 30-day period.[3] Accordingly, Kasparian's request to have his complaint returned to Barnstable County Superior Court is denied, and for the reasons stated above, Defendants' motion to dismiss is granted.

### d. Plaintiff's Request for Sanctions and Default Judgment

Lastly, Kasparian requests that the Court enter default judgment and sanctions against Defendants Klein and Fusco for their failure to attend their depositions. Upon removal of a case to federal court, the state court is divested of jurisdiction and "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). "[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of [the] proceedings." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 437 (1974). In civil actions pending in this Court, the Federal Rules of Civil

---

[3] Plaintiff also failed to file the requisite motion for remand, 28 U.S.C. § 1447(c), instead making a "request" for remand in his opposition to the motion to dismiss [ECF No. 15], which the Court is liberally construing as a motion for remand.

9

Procedure govern the course of the future proceedings, including discovery. See Fed. R. Civ. P. 26(a)(1); Local Rule 26.2(A). In this case, the Court did not hold a scheduling conference or issue any order with respect to initiating the discovery process while Defendants' motion to dismiss was pending. It also appears as though Defendants complied with all applicable state rules regarding discovery.[4] As such, there is no basis for entering default judgment or sanctions against Defendants.

**IV.     CONCLUSION**

For the foregoing reasons, the Defendants' motion to dismiss the complaint in its entirety [ECF No. 10] is GRANTED.

**SO ORDERED.**

May 8, 2017                                                                                    /s/ Allison D. Burroughs
                                                                                         ALLISON D. BURROUGHS
                                                                                         U.S. DISTRICT JUDGE

---

[4] Defendants note that although they did not attend the depositions that Kasparian scheduled to take place at his house, they provided Kasparian with notice that they or their attorneys would not be appearing for the depositions by serving Kasparian with a protective order and motion to stay discovery, pursuant to Mass. R. Civ. P. 26(c) and Superior Court Rule 9A, pending removal of the case to federal court. [ECF Nos. 19, 19-1]. Kasparian nonetheless incurred the costs of the court reporter.